

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,668-02

## EX PARTE FRANCISCO TAYLOR, JR., A/K/A FRANCISO GOMEZ TAYLOR, A/K/A FRANCISCO GOMEZ TAYLOR, JR., A/K/A FRANK TAYLOR GOMEZ, JR., Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2021-DCR-2169-G IN THE 404TH DISTRICT COURT
## OF CAMERON COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time appeal. I write separately, once again, to emphasize the importance of trial counsel's obligation to timely file a written notice of appeal when the defendant expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many attorneys are either unaware of their obligations in this regard, or are aware of such obligations but are failing to stay on top of their responsibilities to clients.

## I.     Background

On December 13, 2022, a jury convicted Applicant of aggravated assault with a deadly weapon and sentenced him to 20 years' imprisonment. Trial counsel did not file a motion for new trial. Thus, the deadline to file a notice of appeal was January 12, 2023—30 days after the sentence was imposed. *See* TEX. R. APP. P. 26.2(a)(1). On the day of sentencing, trial counsel entered an oral notice of appeal into the record. But she did not file a written notice of appeal with the trial court clerk, nor did she take steps to ensure that Applicant timely filed a signed *pro se* notice of appeal. *See* TEX. R. APP. P. 25.2(c)(1) ("Notice [of appeal] must be given *in writing* and filed with the trial court clerk.") (emphasis added).

On February 6, 2023, Applicant, then proceeding *pro se*, filed a handwritten notice of appeal with the trial court clerk. In response, the trial court appointed appellate counsel, who, out of an abundance of caution, filed a second written notice of appeal on February 14, 2023. Nonetheless, on April 27, 2023, the court of appeals, citing the untimeliness of the written notices of appeal, dismissed the case for want of jurisdiction. *Taylor v. State*, No. 13-23-00050-CR, 2023 WL 3116759, at *1 (Tex. App.—Corpus Christi–Edinburgh Apr. 27, 2023, no pet.) (mem. op., not designated for publication). Applicant has now filed the instant post-conviction habeas application seeking the ability to pursue an out-of-time appeal based on trial counsel's failure to file a written notice of appeal.

## II.    Trial Counsel's Obligation to file a Written Notice of Appeal

As this Court indicated more than 30 years ago in *Ex parte Axel*, trial counsel's obligations to a defendant do not terminate at the end of trial; rather, trial counsel has various duties that she must fulfill at the conclusion of the trial proceedings:

> [T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, *the necessity of giving notice of appeal and taking other steps to pursue an appeal,* as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal.

*Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (emphasis added).[1] The rationale for this rule is that trial counsel is in the best position to ensure that the defendant's appellate rights are immediately protected following conviction. *Id.* at 373 ("Indeed, we are convinced that trial counsel is not only the best source of such advice but also that it is his duty as an attorney to give it, to the end that his client gains a full understanding of relevant considerations in determining whether to pursue an appeal, as well as procedural requisites for giving notice of appeal and the like.").

Specifically emphasizing the importance of trial counsel's role in filing the written notice of appeal, we have stated, "If the defendant decides to appeal, the [trial] attorney

---

[1] *See also* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)–(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . *Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

*must ensure that written notice of appeal is filed with the trial court.*" *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (emphasis added). This is true even if, as is often the case, trial counsel will not be representing the defendant on appeal. In those situations, the defendant should sign a *pro se* notice of appeal, which trial counsel should then file alongside the motion to withdraw. *Id.* (stating that, if trial counsel will not be representing the defendant on appeal, "the defendant may file the notice pro se, which serves as an indication that trial counsel does not wish to pursue his client's appeal") (citation and quotation marks omitted). This places the trial court on actual notice of the defendant's desire to appeal and of his potential need for appointed appellate counsel. *Id.* ("A 'contemporaneous' presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.").[2]

In spite of our clear and consistent instructions on this matter over the years, some trial attorneys continue to fail to fulfill their duties at the post-trial stage—particularly, by failing to timely file a notice of appeal, which then results in the loss of the defendant's appellate rights. In this case, it is readily apparent that trial counsel was aware that Applicant desired to appeal because she made an *oral* notice of appeal on the record after the conclusion of the trial proceedings. But counsel never filed a *written* notice of appeal, as the rules of appellate procedure require. TEX. R. APP. P. 25.2(c)(1); *Jones*, 98 S.W.3d at 703 n.2 (stating that the Rules of Appellate Procedure "require[] that notice of appeal be written and filed with the clerk of the trial court"). While there is no affidavit from counsel

---

[2] Of course, if trial counsel will be representing the defendant on appeal, "[h]e may sign the notice himself, in which case, he effectively 'volunteers' to serve as appellate counsel." *Jones*, 98 S.W.3d at 703.

in the habeas record addressing why this error occurred in this case, I agree with the habeas court's determination that no further development of the record is required under the circumstances. It is apparent that Applicant expressed his desire to appeal and trial counsel, for whatever reason, failed to comply with the requirements of *Jones* and *Axel* described above, resulting in a failure to protect Applicant's appellate rights. Because it is clear that Applicant was deprived of his opportunity to appeal through no fault of his own, the habeas court and this Court correctly conclude that he is entitled to an out-of-time appeal based on the existing record. *See Axel*, 757 S.W.2d at 374–75.

As a final note, while counsel's mistake here can be "fixed" by allowing Applicant to file an out-of-time appeal, this "fix" is not without consequences. In addition to significantly delaying resolution of Applicant's direct appeal, trial counsel's error has also now resulted in the State, the habeas court, and this Court having to expend resources to undo the effects of trial counsel's mistake. While I recognize that we are all human beings who make mistakes, this type of error is not a simple mistake given the number of times this Court has addressed this very issue—it is borderline willful ignorance of an attorney's necessary obligations to her clients. Based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may continue to be reminded of their duties at the conclusion of the trial proceedings and the effect of failing to stay on top of their responsibilities. It is my hope that attorneys will implement practices to help ensure

that their clients' appellate rights are preserved, thereby reducing the need for such corrective post-conviction litigation in the future.[3]

With these comments, I join the Court's opinion granting Applicant relief.

Filed: January 31, 2024

Publish

---

[3] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").